UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RANDI WATON, individually,

    Plaintiff,

v.

CLIENT SERVICES, INC.,                   **JURY DEMAND**
a foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff RANDI WATON alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), against Defendant CLIENT SERVICES, INC. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff RANDI WATON is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the sole possessor, owner, subscriber, and operator of the cellular telephone that Defendant was calling.

6. Defendant CLIENT SERVICES, INC. ("Client Services") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 3451 Harry S. Truman Boulevard, St. Charles, MO 63301; Plaintiff further alleges that Client Services is a citizen of the State of Missouri.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Prior to the institution of this action, the Plaintiff allegedly incurred a consumer debt to Citibank, N.A. in connection with a personal credit card.

10. The Plaintiff used this credit card for primarily personal, family, and household purposes.

11. The Plaintiff allegedly failed to pay the debt, and Defendant Client Services was engaged to collect it.

12. The Defendant subsequently discovered the Plaintiff's cellular telephone number, and began placing automated telephone collection calls to it.

13. Upon answering any of these calls, the Plaintiff was met either by a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live

2

employee, or an automated message advising her to "please hold for the next available agent."

14. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See <u>In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008</u>, 23 F.C.C.R. 559, 565-66 (2008); <u>In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 18 F.C.C.R. 14014, 14091-92 (2003).

15. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system and an artificial or pre-recorded voice.

16. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff incorporates paragraphs 1 through 16 herein.

18. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff RANDI WATON, requests that the Court enter judgment in favor of Plaintiff and against Defendant CLIENT SERVICES, INC. for:

    a.    $500 dollars in statutory damages for each violation of the TCPA over the last four years;

    b.    $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

    e.    litigation expenses and costs of the instant suit; and

    f.    such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19.    Plaintiff incorporates paragraphs 1 through 16 herein.

20.    Defendant violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice. These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692f. See Clark v. Weltman, Weinberg & Reis, Co., L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff RANDI WATON, requests that the Court enter judgment in favor of Plaintiff and against Defendant CLIENT SERVICES, INC. for:

    a.    actual damages;

    b.    statutory damages of $1,000.00;

    c.    attorney's fees, litigation expenses, and costs of the instant suit, and;

d. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 10th day of February, 2014.

                        BRET L. LUSSKIN, Esq.
                        *Attorney for Plaintiff*
                        20803 Biscayne Blvd., Ste 302
                        Aventura, FL 33180
                        Telephone: (954) 454-5841
                        Facsimile: (954) 454-5844
                        blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
     Bret L. Lusskin, Esq.
     Florida Bar No. 28069

5